UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Pelham Enterprises, Inc. | ) | Case No. 07 B 01312 |
| | ) | Hon. John H. Squires |
| Debtor. | ) | Hearing Date: June 7, 2010 |
| | ) | Hearing Time: 10:00 a.m. |

**Second and Final Application for Allowance and Payment of Compensation for Services
Rendered and Expense Reimbursement
by Joseph A. Baldi, as Chapter 7 Trustee**

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Pelham Enterprises, Inc. ("Debtor"), pursuant to sections 326, 330 and 331 of title 11, United States Code ("Code"), requests this Court to enter an order 1) allowing to Trustee final compensation in the amount of $15,000.00 for services rendered by him as chapter 7 trustee in this case from February 1, 2008 through the close of the case and for reimbursement of expenses in the amount of $15.52; and 2) allowing all amounts previously awarded and paid to Trustee as interim compensation to be deemed final. In support thereof, Trustee respectfully states as follows:

### Introduction

1.  Debtor commenced this case on January 5, 2007 by filing a voluntary petition for relief under chapter 7 of title 11, United States Code ("Code").

2.  Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.  Prior to its filing, the Debtor operated a restaurant known as "Joey Buona's Pizzeria Grille" in Chicago, Illinois. At the time of the commencement of the case, the Debtor's only assets were certain furniture, fixtures and equipment (the "FF&E") in the possession of adverse parties and located at its former business premises, and certain claims against Joey Buona's Pizzeria Grille-Chicago, L.L.C.; The Buona Companies, L.L.C., Superior Street, L.L.C., BG East, L.L.C.; and Carlo Buonavolanto (the "Buona Defendants") for (i) alleged violations of the Illinois Franchise Disclosure Act (IFDA), (ii) the Illinois Consumer Fraud and Deceptive Business Practices Act, (iii) common law fraud, (iv) recovery of fraudulent transfers of Pelham's assets, and (v) avoidance of obligations incurred to or on behalf one or more of the Buona Defendants pursuant to the alleged unlawful offering and sale of a franchise (the "Estate Claims").

5.  The bar date for filing claims in this case was June 6, 2007.

## Prior Compensation

6.  This is the Second and Final Application ("Application") for allowance of compensation filed by Trustee in this case.

7.  On March 3, 2008, Trustee filed his first interim application for compensation of services rendered to the Estate during the period January 31, 2007 through January 31, 2008 ("First Application"). Pursuant to this Court's order dated March 25, 2008, Trustee was awarded and paid interim compensation in the amount of $8,910.00. As part of this Application, Trustee requests that the interim compensation awarded and paid pursuant to the First Application is deemed final.

8.  Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case except as set forth above.

**Services Rendered by Trustee**

9.      During the period covered by this Application, Trustee has spent a total of 44.10 hours performing actual, necessary and valuable services on behalf of the Estate with a total value of $10,577.00 at Trustee's customary rate for such services. Itemized billing statements describing the Trustee's services are attached hereto as Exhibit B. The services rendered by Trustee include, but are not limited to:

A.      Trustee worked with and directed his attorneys to oppose the Motion to Modify the Automatic Stay with respect to the FFE in which Gino's East sought to foreclose on its alleged security interest in the Debtor's assets. As a result of the Trustee's efforts, the Court denied the Motion to Modify the Automatic Stay which denial was a contributing factor in the Trustee's ability to negotiate a settlement with the Buona Defendants.

B.      During the pendency of this case, there were two adversary cases filed against the Estate which the Trustee prosecuted and successfully settled and resolved for the benefit of the Estate. Trustee sought and obtained the removal of a state court proceeding pending against the Debtor as of the Petition Date captioned <u>Joey Buona's Pizzeria Grille-Chicago LLC v. Pelham Enterprises, Inc.</u>, Case No. 06 M1 701253. (The removed case was assigned the adversary case no. 07-A-00203.) Trustee filed counterclaims against the Buona Defendants for the Estate Claims. In addition, Gino's East Home, LLC filed an adversary complaint against the Trustee captioned <u>Gino's East Holding v. Joseph A. Baldi, Trustee</u>, Adversary Case No. 07-A-00626 to determine the extent of its rights and claims against the Estate. Trustee, by and through his attorneys, proceeded to prosecute the adversary proceedings and to prepare for trials of the

3

respective matters. Ultimately, Trustee negotiated a settlement with the Buona Defendants and Gino's whereby the Estate recovered gross proceeds of $520,000.00 and certain claims asserted against the Estate totaling approximately $200,000.00 were disallowed and withdrawn. This Court approved the settlement pursuant to this Court's order dated January 10, 2008.

C. Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate.

D. Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities.

E. Trustee prepared semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case.

F. Trustee attended to various tax matters of the Estate, including working with and directing the Trustee's accountants to prepare Estate tax returns; as part of this work, Trustee and his accountant identified various like-kind exchanges pursuant to Section 1031 of the tax code; Trustee filed amended tax returns to recover tax refunds available to the Estate; as a result of these efforts, the Trustee recovered tax refunds in excess of $80,000 for the benefit of the Estate's creditors.

G. Trustee reviewed and analyzed the claims filed in the case and directed his attorneys to conduct further analysis and resolve certain objections, as necessary. As a result of these efforts, Trustee ensured that the improperly filed claims were disallowed or otherwise amended to be properly asserted against the Estate.

H.    Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

### Funds Collected and Disbursed by Trustee

10.    As of March 22, 2010, Trustee had collected $583,767.26 on behalf of the Estate. Trustee has made $177,204.00 in disbursements as of the date hereof.

11.    Copies of the *Form 1 Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to the Trustee's Final Report, filed simultaneously herewith, as Exhibits A and B, respectively.

### Compensation Requested

12.    During the period covered by this Application, Trustee spent 44.10 hours rendering services on behalf of this Estate with a value of $10,577.00. Trustee estimates that he will spend, *at a minimum*, an additional four hours rendering services with a value of $990.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

13.    The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon monies disbursed or to be disbursed in the case (as more specifically detailed below), is $28,480.65 as follows:

| | |
|---|---|
| 25% of the first $5,000 | $1,250.00 |
| 10% of the next $45,000 | $4,500.00 |
| 5% of the next $454,613.09 | $22,730.65 |
| Total allowable compensation | $28,480.65 |
| Compensation previously paid | $8,910.00 |
| Maximum Compensation Available | $19,570.65 |

5

The Trustee has calculated the maximum compensation available based upon total monies disbursed or to be disbursed in this case, to parties-in-interest excluding the Debtor, in the amount of $504,613.09. This amount represents the total receipts in the case ($583,767.26) less the monies paid to Buona Company ($79,154.17) as a refund per the settlement dated January 10, 2008 due to the reduction in claims (the "Refund Amount"). The Refund Amount represents a turnover of funds to a party-in-interest and is compensable by the Trustee pursuant to Section 326 of the Code; nevertheless, those monies have been excluded from the calculation of the total allowable compensation.

14. After payment of the Estate's administrative claims, the Trustee anticipates that there will be sufficient funds to make a distribution to unsecured creditors equal to approximately 45% of the allowed claims.

15. Based upon the caliber of the services rendered by Trustee and the results achieved in this case, Trustee requests allowance and payment of final compensation for his services rendered as trustee from the time of his appointment through the closing of this case in the amount of $15,000.00. Trustee asserts that this amount represents reasonable compensation for the services rendered by Trustee and is well <u>below</u> the maximum compensation allowable as set forth in paragraph 13 above.

16. Pursuant to Section 330(a)(7) which was added to the Code with the enactment of BAPCPA in 2005, the Court, "in determining the amount of reasonable compensation to be awarded to a trustee, [...] shall treat such compensation as a commission, based upon section 326." 11 U.S.C. §330(a)(7). This Court has concluded that section 330(a)(7) does not create a presumption that a trustee <u>shall</u> be allowed the maximum statutory fee under section 326, and that the Court retains discretion under Section 326(a) to award "reasonable compensation" based

upon the relevant facts and circumstances of each case. In re Mervyn C. Phillips, Jr., 392 B.R. 378 (Bankr. N.D. Ill). In the instant case, Trustee is seeking an award of $15,000.00, which Trustee submits is reasonable under the circumstances based upon the complexity of the issues involved in the case and the results he has achieved. The maximum amount of compensation currently available to Trustee pursuant to section 326 is $19,570.65, pursuant to the calculations set forth in paragraph 13 above, whereas the dollar value of services rendered and to be rendered by Trustee based on hourly rates will equal approximately $11,500.00. The amount sought by Trustee herein, $15,000.00, falls evenly between those two ranges, and does not constitute a windfall to Trustee. Neither does the requested award significantly diminish the percentage of the dividend which will be paid to unsecured creditors. [The difference in the dividend payable to unsecured creditors under a compensation calculation based upon Trustees actual hourly rate and the requested commission is less than one percentage point.] Moreover, as this Court recognized Phillips, a strict lodestar analysis of chapter 7 trustee compensation is no longer mandated as a result of the BAPCPA amendments to section 330 (a)(3). Finally, Trustee submits that the compensation requested is reasonable based upon this Court's own school grading analysis employed in the Phillips case. Under such an analysis, the compensation award requested herein would represent approximately 4% at the third tier of compensation, a full percentage point lower than the maximum 5% set forth in section 326.

17. Based upon the foregoing, Trustee submits to the Court that the amount requested herein is reasonable and appropriate given the efforts expended and the results obtained in the case by the Trustee. Specifically, Trustee was successful in resolving two contentious adversary proceedings, a personal property dispute that was subject of the Motion to Modify the Stay and multiple contested claims asserted against the Estate. In addition, Trustee was successful in

recovering $80,000 of tax refunds which will be distributed to creditors. As noted above, general unsecured creditors will receive a dividend equal to 45% of their allowed claims as a result of Trustee's efforts. Based upon the difficulty of the case, the skill and efforts of the Trustee and the results obtained, Trustee believes a commission of $15,000.00 is reasonable and merited under the circumstances.

### Expenses

18. Trustee has incurred postage expenses in the amount of $15.52 primarily in connection with filing the Estate's final tax returns for which it now requests reimbursement.

### Payment Requested

19. Trustee proposes that the compensation requested herein be paid from the Estate funds in his possession and that Trustee be authorized to make payment of the amounts allowed as part of his final distribution in this case.

20. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

### Status of the Case

21. The Trustee has liquidated or abandoned all of the assets belonging to this Estate and completed his review and analysis of the claims filed against the Estate, to the extent such claims will receive a distribution.

22. Trustee has completed and filed his Final Report simultaneously herewith. Final fee applications for the Trustee's accountants and attorneys have also been filed concurrently with this Application.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of Pelham Enterprises, Inc., debtor, requests the entry of an order providing the following:

    A.    Allowing to Trustee final compensation in the amount of $15,000.00 for actual and necessary professional services rendered as Chapter 7 Trustee on behalf of this Estate from February 1, 2008 through the close of this case;

    B.    Authorizing Trustee to pay the compensation and reimbursement allowed herein as part of the Trustee's final distribution in this case;

    C.    Allowing to Trustee as final compensation and expense reimbursement all amounts previously awarded and paid to him on an interim basis; and

    D.    For such other and further relief as this Court deems appropriate.

Dated: March 23, 2010                Joseph A. Baldi, as trustee of the estate
of Pelham Enterprises, Inc., debtor

By:  /s/_____
      Joseph A. Baldi

Joseph A. Baldi
Attorney I.D. No. 00100145
Suite 1500
19 South LaSalle Street
Chicago, IL 60603
(312) 726-8150

Case 07-01312   Doc 158   Filed 05/05/10   Entered 05/05/10 12:27:07   Desc Main
Document   Page 10 of 19

Chapter 7 Trustee's
Second and Final Fee Application

Pelham Enterprises, Inc.
Case No. 07-01312

# Trustee's Billing Statements

# Exhibit A

# Joseph A. Baldi & Associates, P. C.

**19 S. LaSalle Street**
**Suite 1500**
**Chicago, IL 60603**

**Phone:** (312) 726-8150
**Fax:** (312) 726-5067

**FEIN:** 36-4352753

**Invoice submitted to:**

April 20, 2010
Invoice No:    01408

Joseph A. Baldi, trustee
Joseph A. Baldi
19 South LaSalle Street
Suite 1500
Chicago, IL 60603

**In Reference to:**    *Pelham - Trustee Matters*

## Professional Services

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 2/28/2008 | JAB | Review and revise trustee fee application (.4); Confer with DBW re revisions to same (.2); Review attorney application. (.3) | 0.90<br>$400.00/ hr | $360.00 |
| 3/06/2008 | ECB1 | Process and Update banking records re second wire transfer on settlement | 0.20<br>$160.00/ hr | $32.00 |
| 3/14/2008 | ECB1 | Process wire transfer confirmation for 2nd installment on restaurant settlement (.1) Update Trustee database re same (.1) | 0.20<br>$160.00/ hr | $32.00 |
| 3/25/2008 | ECB1 | Open Trustee's checking account and prepare W-9 for same (.2) Process interim compensation order and update TR claims database re same (.2) Prepare interim comp checks (.1) | 0.50<br>$160.00/ hr | $80.00 |
| 4/03/2008 | ECB1 | Process special counsel compensation order and prep checks to pay same (.2) Update Trustee database with administrative claims (.1) | 0.30<br>$160.00/ hr | $48.00 |
| 4/03/2008 | JAB | Confer with ECB on payment of Bauch fee award, approve same, forward same. | 0.50<br>$400.00/ hr | $200.00 |
| 4/10/2008 | ECB1 | Process order allowing secured claim (.1) Prep check in payment of same (.1) | 0.20<br>$160.00/ hr | $32.00 |
| 4/10/2008 | JAB | Review and sign check for Bauch prepetition claim payment, letter forwarding same. Telephone call to Sales re withdrawal of claim, amendment of Ojeda claim. | 0.60<br>$400.00/ hr | $240.00 |

Joseph A. Baldi & Associates, P. C.                                    4/20/2010

Pelham - Trustee Matters                                          Page    2

---

| Date | Staff | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 4/17/2008 | JAB | Review e-mails from defendant re payments, TC with Zazove re same. | 0.40 $400.00/ hr | $160.00 |
| 4/21/2008 | ECB1 | Review written report from UST regarding 2007 annual review (.1) and consult with Trustee re response to same and meeting with UST (.1) | 0.20 $160.00/ hr | $32.00 |
| 4/22/2008 | ECB1 | Review settlement agreement and confirm payment of final installment (.1) Review Bank confirmation and update Trustee database re same (.1) | 0.20 $160.00/ hr | $32.00 |
| 4/23/2008 | ECB1 | Prepare response to UST comments on Annual Review for 4/29 meeting with R. Sukley | 0.20 $160.00/ hr | $32.00 |
| 4/29/2008 | ECB1 | Prepare for and attend meeting with T. Thornton for UST office meeting for annual review | 0.20 $160.00/ hr | $32.00 |
| 5/19/2008 | ECB1 | Process April 08 bank statements (.1) Reconcile Trustee bank accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 5/29/2008 | JAB | Teleconference with debtor's attorney re tax returns, 1031 exchange, obtaining information regarding same. | 0.30 $400.00/ hr | $120.00 |
| 7/15/2008 | ECB1 | Process May 08 bank statements (.1) Reconcile Trustee bank accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 7/16/2008 | ECB1 | Process June 08 bank statements (.1) Reconcile Trustee accounts to same (.1) | 0.20 $160.00/ hr | $32.00 |
| 7/23/2008 | JAB | Review claims reconcile claims,objections and settlements. Revise claims register. (3.0) Review Zazove claims reduction analysis, prepare complete report on claims reduced, credit due and forward to Zazove for review and comment. (1.0) TC with Bauch re claims, results of Zazove objections and credit due. (.5) | 4.50 $400.00/ hr | $1,800.00 |
| 8/14/2008 | ECB1 | Process JY08 Bank Statements and reconcile Trustee bank accounts | 0.20 $160.00/ hr | $32.00 |
| 9/16/2008 | ECB1 | Process August 08 bank statements (.1) Reconcile TR Bank Accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 10/07/2008 | ECB1 | Meet with Trustee and discuss status of claims review and case closing | 0.20 $160.00/ hr | $32.00 |
| 10/22/2008 | ECB1 | Process Sept 08 bank statements and reconcile Trustee bank accounts | 0.10 $160.00/ hr | $16.00 |

**Joseph A. Baldi & Associates, P. C.**  4/20/2010

Pelham - Trustee Matters  Page 3

---

| Date | Initials | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 12/01/2008 | ECB1 | Process Oct 08 bank statements (.1) Reconcile Trustee bank accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 12/11/2008 | ECB1 | Process Nov 08 bank statements; reconcile trustee bank accounts | 0.10 $160.00/ hr | $16.00 |
| 1/28/2009 | RKP | Prepare Trustee's Annual Report as required by UST | 1.00 $150.00/ hr | $150.00 |
| 1/29/2009 | ECB1 | Process Dec 08 Bank statements; Reconcile Trustee accts | 0.10 $160.00/ hr | $16.00 |
| 2/16/2009 | ECB1 | Process Jan 09 bank statements (.1) Reconcile accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 2/17/2009 | ECB1 | Prep bond disbursement report, allocate premium, cut check and pay bond invoice | 0.20 $160.00/ hr | $32.00 |
| 3/11/2009 | ECB1 | Process Feb 08 bank statements (.1) reconcile Trustee accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 4/16/2009 | ECB1 | Process Mar09 Bank Statements; Reconcile Trustee bank accounts | 0.20 $190.00/ hr | $38.00 |
| 5/27/2009 | ECB1 | Process Apr 09 bank statements (.1) Reconcile Trustee bank accounts (.1) | 0.20 $190.00/ hr | $38.00 |
| 6/16/2009 | ECB1 | Process May 09 Bank statement: Reconcile estate bank accounts | 0.20 $190.00/ hr | $38.00 |
| 7/20/2009 | ECB1 | Process June 09 bank statements (.1); Reconcile Trustee accounts to same (.1) | 0.20 $190.00/ hr | $38.00 |
| 8/20/2009 | ECB1 | Process July 09 statements (.1) Reconcile Trustee Bank Accounts (.1) | 0.20 $190.00/ hr | $38.00 |
| 8/28/2009 | RKP | Update claims detail in TCMS with orders, docket events, resolutions | 0.40 $190.00/ hr | $76.00 |
| 9/04/2009 | RKP | Amend claims in TCMS to reflect proper final treatment (.2); begin preparation of TFR; review docket and schedules for information needed to prepare TFR and TDR (1.5); amend TCMS to include scheduled claims data (1.5). | 3.20 $190.00/ hr | $608.00 |
| 9/08/2009 | ECB1 | Confer with Trustee re status of case closing (.1) Prep email to RKP re completion of same (.10) | 0.20 $190.00/ hr | $38.00 |
| 9/08/2009 | JAB | Teleconference with D Harvalis re inquiry from Gimble on behalf of Goldman. Review status, issues to be resolved. (.3) Teleconference with Lois West re status of IRS refund, issues regarding interest and penalties for late filing, grounds to request abatement. Review file re same. (.7) | 1.00 $425.00/ hr | $425.00 |

Joseph A. Baldi & Associates, P. C.                                    4/20/2010

Pelham - Trustee Matters                                              Page    4

---

| Date | Initials | Description | Hours / Rate | Amount |
|---|---|---|---|---|
| 9/08/2009 | RKP | correspondence with L. West re: tax returns and refund (.2); discussion with L. Berg re: preparation of final report (.1) | 0.30<br>$190.00/ hr | $57.00 |
| 9/09/2009 | ECB1 | Confer with Trustee regarding status of tax refund and legal issues to contest penalty and obtain abatement | 0.70<br>$190.00/ hr | $133.00 |
| 9/09/2009 | RKP | Review amended claim received and update system (.1); file on behalf of creditor (.1). | 0.20<br>$190.00/ hr | $38.00 |
| 9/11/2009 | ECB1 | Conduct 3rd quarter case review for UST and confer with Trustee re case status and closing | 0.20<br>$190.00/ hr | $38.00 |
| 9/14/2009 | ECB1 | Process Aug09 bank statements; Reconcile Trustee accounts | 0.10<br>$190.00/ hr | $19.00 |
| 9/16/2009 | RKP | File amended claim on behalf of Restaurant Stainless | 0.20<br>$190.00/ hr | $38.00 |
| 9/23/2009 | ECB1 | Teleconference with L. West re prep of 8/31/09 tax returns (.1) Prep and send supporting reports for same (.2) | 0.30<br>$190.00/ hr | $57.00 |
| 9/25/2009 | ECB1 | Process and deposit US Treasury tax refund for 2005 | 0.20<br>$190.00/ hr | $38.00 |
| 9/29/2009 | RKP | Update case information with 3Q status. | 0.30<br>$190.00/ hr | $57.00 |
| 10/07/2009 | ECB1 | Confer with RKP re preparation of Trustee final Report and final fee applications (.3) Telephone call to Estate's accountant regarding status of written request for tax abatement and preparation of estate's final returns (.2) | 0.50<br>$190.00/ hr | $95.00 |
| 10/07/2009 | RKP | Meet with L. Berg re: issues to close case, tax returns/refunds, TFR preparation (.2). Phone conversation with L. West re: tax refunds (.1). | 0.30<br>$190.00/ hr | $57.00 |
| 10/08/2009 | ECB1 | Prepare estimate of TR and Attorney administrative claims (.2) Corres to accountant re admin. expenses and status of abatement of penalties (.2) | 0.40<br>$190.00/ hr | $76.00 |
| 10/13/2009 | ECB1 | Meet with TR re 3rd quarter review and remaining matters for administration | 0.20<br>$190.00/ hr | $38.00 |
| 10/15/2009 | ECB1 | Process Sept09 bank statements and reconcile Trustee bank accounts to same | 0.10<br>$190.00/ hr | $19.00 |
| 11/10/2009 | ECB1 | Process Oct 09 bank statements (.1) Reconcile Trustee bank Accounts (.1) | 0.20<br>$190.00/ hr | $38.00 |
| 12/18/2009 | JAB | Teleconference with accountant re efforts to abate penalties with IRS (.3), correspondence re same (.1) | 0.40<br>$425.00/ hr | $170.00 |

Joseph A. Baldi & Associates, P. C.                                4/20/2010

Pelham - Trustee Matters                                           Page    5

---

| Date | Staff | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 12/29/2009 | JAB | Review and respond to Goldberg attorney inquiry on closing case status. | 0.50<br>$425.00/ hr | $212.50 |
| 12/30/2009 | JAB | Review and respond to Goldberg e-mails on status of closing, facts regarding tax issues. | 0.60<br>$425.00/ hr | $255.00 |
| 1/06/2010 | ECB1 | Review case status and set up closing schedule (.2) Confer with RKP re prep of Final Report (.1) Update Trustee database re same (.2) | 0.50<br>$190.00/ hr | $95.00 |
| 1/19/2010 | ECB1 | Process November 09 bank statements (.1) Reconcile Accounts (.1) | 0.20<br>$190.00/ hr | $38.00 |
| 1/19/2010 | RKP | Prepare forms for annual report of case administration | 1.00<br>$190.00/ hr | $190.00 |
| 1/26/2010 | ECB1 | Process Dec09 bank statements (.1) Reconcile Trustee bank accounts (.1) | 0.20<br>$190.00/ hr | $38.00 |
| 2/01/2010 | RKP | Review case status for tax issues; memo to file re: tax returns | 0.20<br>$190.00/ hr | $38.00 |
| 2/08/2010 | RKP | File annual report and prepare for transmittal to UST | 0.20<br>$190.00/ hr | $38.00 |
| 2/12/2010 | ECB1 | Process Jan10 bank statements (.1) Reconcile Trustee bank accounts (.1) | 0.20<br>$190.00/ hr | $38.00 |
| 2/22/2010 | ECB1 | Review IRS notice denying request for abatement (.3) Confer with Accountant re letter to appeals department (.2) Email accountant re same (.4) | 0.90<br>$190.00/ hr | $171.00 |
| 2/24/2010 | RKP | Review case information for preparation of TFR (2.6); update claims in system and verify proper disposition of claims (.8); initial analysis of issues relative to duly filed claims in Pelham and Ojeda (.4). | 3.80<br>$190.00/ hr | $722.00 |
| 3/03/2010 | ECB1 | Prep bond disbursement report for case (.2) Prep check and payment of premium (.2) | 0.40<br>$190.00/ hr | $76.00 |
| 3/04/2010 | ECB1 | TC Intl Sureties re error in remittance and need for additional payment on 2010 annual bond premium (.1) Prep and transmit second check for same (.2) | 0.30<br>$190.00/ hr | $57.00 |
| 3/05/2010 | ECB1 | Review accountant's proposed response to IRS denial of penalty abatement request (.3) Confer with Trustee re same and appeals process at IRS (.2) | 0.50<br>$190.00/ hr | $95.00 |

**Joseph A. Baldi & Associates, P. C.**                                                                  4/20/2010

Pelham - Trustee Matters                                                                    Page    6

| Date | Initials | Description | Hours / Rate | Amount |
|---|---|---|---|---|
| 3/15/2010 | JAB | Teleconference with accountant L. West re status of appeals letter | 0.10<br>$425.00/ hr | $42.50 |
| 3/16/2010 | ECB1 | Prepare for assist in UST field examination -- Update Trustee's financial files (.4); Confer with UST agent on audit and compile financial documentation and supporting documentation for multiple selected transactions (1.3); Update TR's DR plan and go over same with auditor (.2) ; Explain procedures and show TR internal controls (.1) | 1.80<br>$190.00/ hr | $342.00 |
| 3/17/2010 | JAB | Review B&A fee application (.2) Popowcer invoice and fee application (.2) review and revise TR fee application (.5) and confer with RKP re same (.1) | 1.00<br>$425.00/ hr | $425.00 |
| 3/17/2010 | RKP | Work on TFR (2.6), NFR (.7) and preparation of related documents (.7) | 4.00<br>$190.00/ hr | $760.00 |
| 3/19/2010 | ECB1 | Review and process Feb 10 bank statements (.1) reconcile TR bank accounts (.1) | 0.20<br>$190.00/ hr | $38.00 |
| 3/22/2010 | RKP | Finalize TFR and NFR for submission to UST (1.0) compile documents as attachments to and in support of TFR as required by UST (2.5) prepare TFR package for transmittal to UST (.8) | 4.30<br>$190.00/ hr | $817.00 |

Total Hours    44.00         Total Fees    $10,543.00

*Expenses*

| Start Date | Code | Description | Quantity | Charges |
|---|---|---|---|---|
| 10/16/2009 | POSTAGE | Prompt Determination letters to IRS / IDOR. 2 @ $1.22 per mailing. | 2.00 @ $1.22/each | $2.44 |
| 10/16/2009 | POSTAGE | Year ending 8/31/09 tax returns to IRS / IDOR sent certified mail w/ return receipt. 2 @ $6.32 per mailing. | 2.00 @ $6.54/each | $13.08 |

Total Expenses    $15.52

$10,558.52

*Timekeeper Summary*

| Name | Hours | Rate | Fees |
|---|---|---|---|
| Elizabeth (1) C Berg | 4.50 | $160.00 | $720.00 |

**Joseph A. Baldi & Associates, P. C.**

4/20/2010

Page 7

Pelham - Trustee Matters

| | | | |
|---|---|---|---|
| Elizabeth (1) C Berg | 9.30 | $190.00 | $1,767.00 |
| Joseph A Baldi | 7.20 | $400.00 | $2,880.00 |
| Joseph A Baldi | 3.60 | $425.00 | $1,530.00 |
| Ricki K Podorovsky | 1.00 | $150.00 | $150.00 |
| Ricki K Podorovsky | 18.40 | $190.00 | $3,496.00 |

**Chapter 7 Trustee's**                                              Pelham Enterprises, Inc.
**Second and Final Fee Application**                                 Case No. 07-01312

**Trustee's Rule 2016 Affidavit**

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Pelham Enterprises, Inc. | ) | Case No. 07 B 01312 |
| | ) | Hon. John H. Squires |
| Debtor. | ) | |
| | ) | |

**Trustee's Affidavit pursuant to Rule 2016
of the Federal Rules of Bankruptcy Procedure**

State of Illinois    )
County of Cook    ) ss.

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the Second and Final Application for Allowance and Payment of Compensation and Expense Reimbursement of Joseph A. Baldi, as Chapter 7 Trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I, or my agents pursuant to my direction, performed the services set forth and described in the Application.

3. I have not previously received payment of any compensation for services rendered as trustee in this case, except to the extent of the monies awarded and paid as interim compensation pursuant to the First Interim Application for Allowance and Payment of Compensation for services rendered as Chapter 7 Trustee on behalf of this Estate from January 31, 2007 through January 31, 2008. I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter.

Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
March 10, 2010

_____
Notary Public

**Exhibit D**